

**ORDERED in the Southern District of Florida on August 9, 2013.**

_____

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                    Case No. 13-10303-BKC-AJC

GERMAN O. VALCARCEL,                      Chapter 13

          Debtor.

_____/

**MEMORANDUM OPINION AND**
**ORDER OVERRULING DEBTOR'S OBJECTION TO CLAIM**

THIS CAUSE came before the Court for hearing on April 16, 2013, at or about 9:00 a.m.

(the "Hearing"), on the Objection to Claim on Shortened Notice [Doc. No. 27] (the "Objection")

filed by the Debtor, German O. Valcarcel (the "Debtor").  Upon review of the Objection and

after consideration of the record in this case, the Court overrules the Objection.

**I.      BACKGROUND**

Prior to commencing this Chapter 13 case, the Debtor filed a voluntary petition for relief

under Chapter 7 of the Bankruptcy Code on June 27, 2011, Case No. 11-27746-BKC-AJC (the

"Chapter 7 Case").   In the Chapter 7 Case, the Debtor reaffirmed a debt to an entity holding a first mortgage on his primary residence located at 1660 N.E. 191 Street #415, North Miami Beach, FL 33179, located in Jade Winds Group Allamanda Gardens.[1]  Debtor scheduled Jade Winds Association, Inc. ("Jade"), a North Miami Beach condominium association formed pursuant to Chapter 718, Florida Statutes, as holding an unsecured nonpriority claim for unpaid condominium assessments in the amount of $15,000.00.  As a no asset case, the deadline to object to dischargeability was October 3, 2011.  The record reflects the Debtor served Jade at a post office box in Orlando, which was apparently where the Debtor made "lockbox" payments to Jade through his bank in 2007.[2]  Jade denies having received notice of the Chapter 7 Case.  The Debtor received a discharge on October 7, 2011, and the Chapter 7 Case was closed on May 29, 2012.

It is undisputed the Debtor did not recommence paying any monthly fees or assessments becoming due and payable after the order for relief was entered in the Chapter 7 case.  On May 11, 2012, Jade recorded a claim of lien in the public records of Miami-Dade County, Florida, listing assessments accruing both before *and* after the order for relief.  Based upon the itemized accounting ledger attached to Jade's claim of lien, it appears $23,370.33 was due from Debtor to Jade as of June 27, 2011, the date of the Chapter 7 order for relief, not $15,000.00 as scheduled by the Debtor.

On June 19, 2012, Jade instituted a state court condominium lien foreclosure action pursuant to Fla. Stat. § 718.116(6), styled *Jade Winds Association, Inc. v. German O. Valcarcel*, Case No. 12-23724 pending in the Eleventh Judicial Circuit of Miami-Dade County, Florida.  On November 2, 2012, Jade filed a motion for summary judgment seeking *in rem* relief, which

1        A state court foreclosure action filed by the mortgagee was later voluntarily dismissed on February 9, 2012.
2        The Debtor was represented by different counsel in the Chapter 7 Case.

states, "Plaintiff also notes it does not seek a monetary judgment against Defendant GERMAN O. VALCARCEL for any amounts discharged via bankruptcy."  Jade set a summary judgment hearing in the state court action on January 9, 2013.

On January 7, 2013, the Debtor commenced this case by filing a petition for relief under Chapter 13 of the Bankruptcy Code, listing Jade as a secured creditor in the amount of $6,744.79.  Jade filed a proof of claim alleging it holds a secured claim in the amount of $22,356.27, asserting the full amount owing is $37,356.27 But that Jade voluntarily reduced its claim by the $15,000.00 scheduled in the Chapter 7 Case.  The Debtor then filed the current Objection and Jade thereafter filed an amended proof of claim on May 10, 2013 seeking the full amount of $37,356.27.

The Debtor' Objection seeks to value the claim at substantially less than Jade values it, asserting a portion of the debt was discharged in the Chapter 7 case. Debtor also seeks to reclassify the claim as unsecured.  Jade argues that condominium associations have a statutory lien on each unit to secure payment of assessments *without* the necessity of filing a claim of lien, its lien for those amounts accruing before the Chapter 7 order for relief stays with the real property.

## II.   DISCUSSION

*(1)    Florida's Legislature gave condominium associations a statutory lien for assessments, which secures payments without the necessity of filing a claim of lien.*

It is undisputed there were unpaid condominium assessments due and owing at the time the Debtor filed the Chapter 7 Case.  It is also undisputed Jade had not filed a claim of lien in the public records at that time.  In relation to amounts arising before the order for relief, Debtor argues: "The claim of lien was filed *after* debtor filed a Chapter 7 bankruptcy.  The claim of lien

improperly secures amounts which were discharged in the debtor's chapter 7 filing.  Suggested

Treatment: the amount claimed should be classified as unsecured."  Objection, p. 1 (emphasis

added).

This argument overlooks Fla. Stat. § 718.116(5)(a), which provides, "[t]he association

has a lien on each condominium parcel to secure the payment of assessments," and except as to

first mortgagees in relation to whom the lien is effective only upon recording a claim of lien in

the public records, "the lien is effective from and shall relate back to the recording of the original

declaration of condominium."  *See*, *e.g.*, *Aventura Management, LLC v. Spiaggia Ocean*

*Condominium Association, Inc.*, 105 So. 3d 637, 640 (Fla. 3d DCA 2013) ("[T]he Legislature

has given condominium associations a statutory lien on each condominium unit over which it has

jurisdiction, to secure payment of assessments **without the necessity of filing a claim of lien in**

**the public records**, with the single exception of first mortgagees, where record notice is

required.  § 718.116(5)(a).") (dissent) (emphasis added).  The declaration of condominium for

Jade Winds Group Allamanda Gardens was recorded on January 25, 1968, over forty years

before the Chapter 7 Case was filed.

*(2)    The full amount of a secured creditor's lien stays with the real property after a Chapter 7*
*        discharge.*

The Debtor further argues Jade's claim must be reduced because it "includes amounts

which were discharged in Debtor's previous Chapter 7 filing."  This was rejected by *Johnson v.*

*Home State Bank*, 501 U.S. 78 (1991) and *Dewsnup v. Timm*, 502 U.S. 410 (1992).  Even where

a lien exceeds the value of the collateral it secures, with certain non-applicable exceptions, it is

fundamental that the lien itself stays with the property in the full amount, including in a

subsequent reorganization.  *Johnson*, 501 U.S. at 83-85 ("[A] discharge extinguishes *only* the

personal liability of the debtor… [A creditor who] has a claim enforceable only against the debtor's property nonetheless has a 'claim against the debtor' for purposes of the Code.") (emphasis in original); *Dewsnup*, 502 U.S. at 417 ("[T]he creditor's lien stays with the real property until the foreclosure … Any increase over the judicially determined valuation during bankruptcy rightly accrues to the benefit of the creditor, not to the benefit of the debtor.").

Although Jade's lien may be undersecured or unsecured after taking into account the first mortgage, Jade's lien nonetheless remains a lien on the property. *In re Quiros-Amy*, 456 B.R. 140, 146 (Bankr. S.D. Fla. 2011) ("scoff[ing] at the idea that such a junior lienholder can have an unsecured claim in the subsequent Chapter 13 case because: (1) the debtor's *in personam* liability was discharged in the prior Chapter 7 case; (2) the junior lienholder continues to have a claim, enforceable only against the debtor's property … (3) the junior lienholder's claim in the subsequent Chapter 13 case is enforceable"); *In re Gerardin*, 447 B.R. 342, 349 n.6 (Bankr. S.D. Fla. 2011) (rejecting the notion "a wholly unsecured lien is not a secured claim" after observing at 347 that even "Debtor's counsel conceded that the claim would be a secured claim"); *In re Lang*, 467 B.R. 227, 234 (Bankr. M.D. Fla. 2012) ("This Court agrees with the decisions in *Gerardin* and *Quiros-Amy* to the extent that they found that the junior lienholder held a claim against property on the date that the Chapter 13 petition was filed."); *Dewsnup*, 502 U.S. at 418-9 ("Apart from reorganization proceedings, see 11 U.S.C. §§ 616(1) and (10) (1976 ed.), no provision of the pre-Code statute permitted involuntary reduction of the amount of a creditor's lien for any reason other than payment on the debt."). Thus, at the conclusion of the Chapter 7 Case, while Jade was prohibited from pursuing discharged amounts *in personam*, it retained its *in rem* lien in the full amount of its claim.

*(3)    Debtor's Failure to Notify Jade of the No Asset Chapter 7 Case is Irrelevant.*

Finally, the Court addresses the effects, if any, of the Debtor's prior counsel's failure to properly notice Jade of the Chapter 7 Case, and the inherently related issues of the Debtor having incorrectly scheduled Jade as an unsecured creditor and in the incorrect amount of only $15,000.00 (instead of the $23,370.33 which Jade claims it is owed as of the date of the order for relief). The parties both verbally indicated at the Hearing that the Chapter 7 Case could be reopened, for Jade to object to the classification of its claim now that it has notice, and for the Debtor to schedule the additional $8,370.33 in debt to Jade it missed the first time. *Redmond v. Fifth Third Bank*, 624 F.3d 793, 798 (7th Cir. 2010); *U.S. v. Westley*, 7 Fed.Appx. 393, 406 (6th Cir. 2001).

However, Jade's failure to participate does not eliminate its *in rem* rights in a no-asset Chapter 7 case. The lien was not avoided or eliminated. And, the Debtor scheduling Jade as "unsecured" did not affect Jade's lien:

> "Such surely would be the result had the lienholder stayed aloof from the bankruptcy proceeding (subject, of course, to the power of other persons or entities to pull him into the proceeding pursuant to § 501), and we see no reason why his acquiescence in that proceeding should cause him to experience a forfeiture of the kind the debtor proposes. It is true that his participation in the bankruptcy results in his having the benefit of an allowed unsecured claim as well as his allowed secured claim, but that does not strike us as proper recompense for what petitioner proposes by way of the elimination of the remainder of the lien."

*Dewsnup*, 502 U.S. at 417-8. Because Jade's lien is a secured claim, the amount scheduled in the Chapter 7 Case is irrelevant to the Objection in this Chapter 13 Case.

## III.    CONCLUSION

The amended proof of claim reflects that $13,985.94 of the total amount asserted by Jade accrued after the order for relief. 11 U.S.C. § 523(a)(16) (a discharge does not discharge an

individual debtor from "a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a unit that has condominium ownership"); Fla. Stat. § 718.116(5)(b) ("The claim of lien secures all unpaid assessments that are due and that may accrue after the claim of lien is recorded and through the entry of a final judgment, as well as interest and all reasonable costs and attorney's fees incurred by the association incident to the collection process.").  The Debtor has not proffered any reliable evidence to refute the amount Jade states it is owed.  As such, the amounts secured by statutory lien are detailed as follows:

| | |
|---|---|
| Amount scheduled in the Chapter 7 Case. Discharged but lien remains. | $15,000.00 |
| Amounts accruing before the order for relief but *not* scheduled in the Chapter 7 Case. Generally "dischargeable" but not discharged to date.  Lien remains. | $8,370.33 |
| Amounts accruing after the Chapter 7 order for relief. | $13,985.94 |
| | $37,256.27 |

Jade's amended proof of claim for $37,256.27 therefore stands, in the full amount stated.

While this opinion establishes that Jade has a lien for all unpaid condominium assessments, whether accruing before the Chapter 7 Case or after, the Court notes that it has taken no position with respect to the issue of whether Jade's lien is secured in part or in whole, or not at all, as that issue has not been presented to the Court for consideration.  Accordingly, it is

ORDERED AND ADJUDGED that the Objection is OVERRULED and, within 14 days from the date of entry of this Order, the Debtor shall (i) propose a Chapter 13 Plan in accordance with this opinion and the requirements of the Bankruptcy Code and (ii) become current under the proposed plan, or the Court will grant the Trustee's request for an order dismissing this case,

without further notice or hearing.

###

Submitted by:

Ross B. Toyne, Esq.
Toyne & Mayo, P.A.
150 S.E. 2nd Avenue, Suite 1025
Miami, FL  33131
Ross@PassengerLaw.com

Attorney Toyne is directed to immediately mail a copy of this Order to all creditors and interested parties and file a Certificate of Service with the Clerk of Court.

Copies furnished to:

Ross B. Toyne, Esq.
Erick Trivedi, Esq.
Nancy K. Neidich, Esq.